[ Filed May 1, 1890. ]

# FREDERICK SCHETTER, Respondent, *v.* THE SOUTH-ERN OREGON CO., Appellant.

BONA FIDE PURCHASER FOR VALUE OF LANDS—WHO IS NOT.—A person who has taken a contract in writing for lands, but who has paid nothing thereon, and has taken no deed for the same, is not a *bona fide* purchaser for value.

AGENCY—CONTRACT—NOTICE.—A director of a corporation who contracts with another director of the same corporation concerning the company's property who was also business manager with certain enumerated and limited powers, is chargeable with notice of any defect in the manager's power to make said contract.

TRUSTEE AND CESTUI QUE TRUST—DIRECTOR OF CORPORATION.—A director of a corporation acts in a trust capacity towards all the stockholders of the corporation and in respect to all of its property. A trustee cannot so deal with trust property as to make profit for himself. His duties as trustee require him to so manage and conduct his trust as to realize whatever profits that may accrue in the course of the business for the benefit of the *cestui que trust.* This he could not do if he were permitted to acquire the trust property for himself.

COMPENSATION FOR IMPROVEMENTS—PARTY.—The plaintiff claims to have had a contract for the purchase of certain lots, and agreed in writing to sell one of said lots to the lodge of Odd Fellows in the town, and placed the lodge in possession and covenanted to protect such possession. The lodge then placed on said lots lasting and valuable improvements. *Held,* that the plaintiff could not recover the value of said improvements placed on said lots by the lodge.

APPEAL from Coos county: R. S. BEAN, judge.

This suit comes into this court from a decree in favor of the respondent and against the appellant. The litigation commenced on the first day of September, 1888. On that day the defendant in this suit commenced an action of ejectment against Arago Lodge, No. 28, of the Independent Order of Odd Fellows, W. C. Phillips, Ole Evenson and the respondent Frederick Schetter, to recover the possession of lots six and seven in block fourteen in the town of Empire City, Coos county, Oregon. The respondent filed his answer in said action at law, and at the same time filed a cross-bill under section 381, Hill's Code, claiming that he was entitled to relief arising out of facts requiring the interposition of a court of equity and material for his defense. Upon the trial, the court found the general equities to be with the appellant; found it to be the owner in fee of the property in controversy, and that it was entitled to the possession of the same upon paying to the plaintiff the sum of money thereinafter specified, the same being the

reasonable value of the permanent improvements made upon said premises by the plaintiff, less the reasonable rental value thereof.

The next paragraph of the decree is as follows: "And it is further ordered, adjudged and decreed by the court that within sixty days from and after the date of this decree, the defendant herein shall pay into the clerk of this court for the use and benefit of the plaintiff herein the sum of nine hundred and sixty-nine dollars, less the defendant's costs and disbursements in this suit, and the costs and disbursements in said action to recover said real property, and that the same be paid to the plaintiff by the clerk on demand." Other parts of the decree provide for the defendant being placed in possession of the property in controversy on certain conditions.

The facts upon which the plaintiff based his right to equitable relief, so far as may be necessary to a proper understanding of the question involved, may be briefly summarized from the complaint: That about November, 1883, the Southern Oregon Improvement Company was a private corporation organized under the laws of the State of Oregon and doing business at Empire City; that the Boston Safe Deposit and Trust Company was also a private corporation organized under the laws of the State of Massachusetts and did business in the State of Massachusetts and in the State of Oregon; that about the month of May, 1885, the said Southern Oregon Improvement Company was the owner in fee of the two lots in controversy, and at said time the Boston Safe and Deposit Company was the owner and holder of a mortgage lien upon a large amount of real property, including the two lots in controversy, in order to secure the payment of certain mortgage bonds, then and thereafter to be issued by said Improvement Company, not to exceed $2,000,000.

The respondent claims that in the month of May, 1885, the said Improvement Company sold the said lots six and seven to him and did agree to cause the same to be released from said mortgage, in consideration that respond-

ent would convey and cause to be conveyed to it his own and the interest of others in certain tide lands containing about 367.65 acres. In the year 1887 the Boston Safe Deposit and Trust Company foreclosed said mortgage, and all of the land described in said mortgage, including the lots in controversy, were sold under said decree to Wm. M. Crapo and Wm. J. Rotch; but the respondent was not a party to said suit, and in December, 1887, the said Crapo and Rotch conveyed all of said property to the appellant; and it is alleged that the appellant holds the legal title to said lots for the respondent. The respondent alleges that he has been in possession of said lots since May, 1885, and has placed lasting improvements thereon to the value of $2,000; that the Improvement Company and each and all of its successors in interest have neglected to convey said lots to the plaintiff although he has frequently demanded a conveyance and at the same time he expressed his readiness to comply with the terms of said agreement on his part, and that said Trust Company neglected to release its lien. This is a very brief epitome of the complaint, the material part of which is denied by the answer.

It appears from the answer that the business of said Improvement Company was such as to authorize a minority of its directors to reside out of this State; that its board of directors consisted of seven members, three of whom resided in the State of Massachusetts, and that by its by-laws three directors constituted a quorum to do business; that its capital stock was $40,000,000 and was mainly owned by persons residing in Massachusetts and contiguous Eastern States; that each of the four directors in Oregon owned one share of said stock and no more; that the plaintiff was a director of said Improvement Company from and after the twenty-sixth day of June, 1884, until said corporation ceased to do business; that in November, 1884, one Metcalf was elected a director of said corporation and continued to act as such until November 28, 1885, at which time he ceased to be a director; that during the time Metcalf was director he was also general manager of

its business in Coos county, Oregon, and that his powers were limited to certain enumerated things, but did not extend to any dealings in respect to, or including any power over the real property of the company; yet the said respondent with knowledge of the premises took from said Metcalf this writing:

"EMPIRE CITY, Or., June 24, 1885.

"Sold this day to Fred Schetter for twenty-five hundred dollars ($2,500) the property lying between Getty's stable and Jarvis' saloon, or corner, being 100 feet square, payable in four months, or as soon after as approved, shall be tendered, and on failure of payment, then said F. Schetter agrees to pay to Oregon Southern Improvement Company one hundred and twenty-five dollars as forfeit.   (Lots 6 and 7, Block 14).         W. T. METCALF, general manager.
"FRED SCHETTER."

That by the rules of the company none of its lands could be disposed of without the consent of the directors residing in Massachusetts, and all offers to purchase same were to be submitted to them, and if they approved the same the matter was brought before the board of directors and an order made by the board directing a conveyance ; but if the Massachusetts directors did not approve the same, the matter dropped; that at no meeting of the board of directors was said matter of the sale of said lots by the company or the purchase of the tide lands by it ever brought before said board, and it is alleged the lots were worth $5,000 and the tide lands $750.   The facts on both sides are pleaded at very great length.   Any other facts deemed of importance will be stated in the opinion.

*S. H. Hazard*, for Appellant.

*Wm. H. Holmes*, for Respondent.

STRAHAN, J., delivered the opinion of the court.

Upon the argument of this case in this court, the respondent's counsel did not claim that he had made such a case as entitled him to a specific performance of the alleged contract with the Southern Oregon Improvement

Company. The most that he claims is to be reïmbursed for his alleged improvements. What is said in this opinion will therefore be devoted to the consideration of that subject. In *Bright* v. *Boyd*, 2 Story, 607, Judge Story laid down the rule which the plaintiff seeks to invoke in this case, and which met the approval of this court in *Hatcher* v. *Briggs*, 6 Or. 31. In the former case the learned justice said: "I wish, in coming to this conclusion, to be distinctly understood as affirming and maintaining the broad doctrine as a doctrine of equity, that so far as an innocent purchaser, for a valuable consideration, without notice of any infirmity in his title, has by his improvements and meliorations added to the permanent value of the estate, he is entitled to a full remuneration, and that such increase of value is a lien and charge on the estate which the absolute owner is bound to discharge before he is to be restored to his original rights in the land." Applying the doctrine of this case and the many subsequent cases which have followed it to the facts of the plaintiff's case and he is entitled to no relief.

In the first place, the plaintiff is not a *bona fide* purchaser, for value, of said lots. He has paid nothing thereon. He obtained no deed, and he is chargeable with notice of every defect in Metcalf's authority. This court has so recently and so often stated the requisites of a *bona fide* purchaser of lands within the equity rule, that it would be simply superfluous to restate them. It suffices to say the plaintiff was not such purchaser. If he had paid value and taken a deed he must fail for another reason. He was one of the directors of the Southern Oregon Improvement Company, and was, therefore, chargeable with notice of the extent of Metcalf's powers as manager. He knew that Metcalf had no authority to sell the company's land. He knew also that before any contract in relation to the sale of any of those lands could bind the company, it must first receive the indorsement or approval of the three non-resident directors, and this, more particularly and especially where the company was dealing with one having

knowledge of such regulation. And finally, being a director of the company, he was acting in a trust capacity towards all the stockholders of the corporation, and in respect to all of its property. The rules of equity applicable to the dealings by a trustee with trust property are therefore to be applied to this transaction. Equity would not permit the plaintiff to deal with this property so as to make a profit for himself. His duty as trustee required him to exert his best judgment in handling this as well as all other property of the company, so as to make the best profit possible for the stockholders. This he could not do if he was trying to acquire the company's property for himself. One privilege which is always accorded to the *cestui que trust* in such case is to rescind the contract in a reasonable time, by restoring what had been paid thereon. In this case as nothing had been paid no question as to the terms could arise.

One other objection I think equally fatal to the plaintiff's recovery, The lot upon which the improvements were placed was bargained by the plaintiffs to the Odd Fellows lodge named as defendant in the original action, and the plaintiff covenanted with the lodge to protect its possession. The evidence shows that it was the lodge which placed the improvements on the lot for which the plaintiff seeks to recover, and not the plaintiff, and he seems to proceed on the assumption, because he covenanted to protect the lodge's possession, that, therefore, he has succeeded to its rights, whatever they may be, in respect to the improvements placed on the lot by it. No authority is cited to support this contention, and it is believed that none has gone so far·

I have not thought it necessary to cite authorities for what has been said in disposing of the main points in this case for the reason the propositions stated are elementary and incontrovertible.

So much of the decree appealed from as is specified in the notice of appeal must therefore be reversed and the plaintiff's cross-bill be dismissed.